*B Ho*

FILED_____ ENTERED
_____ LOGGED_____ RECEIVED

OCT 16 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

| IN THE MATTER OF THE USE OF CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (443) 956-0088 | Case No. 17 - 2 6 5 8 - ADC |
|---|---|
| | **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Michael I. Jones, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (443) 956-0088, (the "Target Cellular Device"), which is described in Attachment A.

2.      I am a Special Agent with the District of Columbia Office of Inspector General ("DC-OIG"). I am an investigative or law enforcement officer of the District of Columbia within the meaning of D.C. Code § 1-301.115a and Title 18 United States Code § 2501(7); that is, an officer of the District of Columbia who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in the United States Code and D.C. Code. I am assigned to the Investigations Division of the DC-OIG. I am responsible for investigating fraud, waste, mismanagement and abuse of District of Columbia government resources, in addition to criminal violations that arise as a result of my investigations. I have been so employed with DC-OIG since January 2014. I am a graduate of the University of Maryland, with a Bachelor of Science degree in Criminology/Criminal Justice, and of the American Military University, an entity of the American Public University System, with a master's degree in Criminal Justice. I am also a

B Hew

graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program. Prior to joining DC-OIG, I served for four years as an SA with the United States Department of State, Bureau of Diplomatic Security. During that time, I conducted numerous investigations including, but not limited to, fraud against the United States, and assisted with probable cause searches and arrests applicable to violations of United States, District of Columbia, state and local law.

3.      I have conducted numerous investigations in which cellular phones were the primary means of communication between co-conspirators. I have assisted in the seizure of cellular phones and have reviewed and used extracted cellular data to further investigations. I have had training in the proper handling of evidentiary storage of cellular devices. I have also attended trainings related to the interpretation and mapping of cellular data.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the area code associated with the Target Cellular Device is associated with this district, the address for the subscriber is listed as within this district (though, as noted below, that address is an AT&T store) and John Faulkner, the person believed to be the primary user of the phone (for the reasons described below), is the registered owner of a business located in Baltimore, MD. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when

2

*BHW*

the warrant is issued. Furthermore, pen register data indicates the Target Cellular Device has been used within the last two weeks.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that Faulkner has violated 18 U.S.C. §§ 2, 371, 1028A, 1341, 1343, and 1957, and 22 D.C. Code §§ 3221(a) and 3222(a).   There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting Faulkner, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7.      Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41.   See 18 U.S.C. §§ 3121-3127.   This warrant therefore includes all the information required to be included in a pen register order. *See* 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

8.      On September 14, 2017, Faulkner and Isaiah Johnson were indicted in the United States District Court for the District of Columbia on one count of conspiracy, in violation of 18 U.S.C. § 371, nine counts of mail fraud, in violation of 18 U.S.C. § 1341, five counts of wire fraud, in violation of 18 U.S.C. § 1343, seven counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A, and one count of first-degree fraud, in violation of 22 D.C. Code §§ 3221(a) and 3222(a). In addition, Faulkner was indicted on two counts of money laundering, in violation of 18 U.S.C. § 1957.   This Court issued an arrest warrant for Faulkner on the same day.   Faulkner has not yet been apprehended.

9.      On September 28, 2017, U.S. Magistrate Judge for the District of Columbia, Robin Meriweather, signed a Provider Tracking Warrant authorizing the use of GPS tracking information

to locate the Target Cellular Device. The GPS data collected thus far indicate that the phone is currently located in this District.

10.    Your affiant and agents of the FBI have also reviewed numerous emails sent and received by both Johnson and Faulkner and several of the emails contain a "Sent from my iPhone" notation. The "Sent from my iPhone" notation is the default email signature that will appear on Apple iPhone mobile devices that can be edited if the device user chooses to do so.

11.    During the investigation, a subpoena for subscriber information for the Gmail account Jafe1616@gmail.com revealed that the account was created on September 15, 2010, and the subscriber to the account was Faulkner. Additionally, the subscriber information indicated that the recovery email for the account was Jafe1616@yahoo.com, and the telephone number linked to the account was (443) 956-0088, thus indicating that the subscriber for the Target Cellular Device (i.e., telephone number (443) 956-0088) was Faulkner. Via subpoena, Johnson was identified as the subscriber of telephone number (202) 834-7257. Johnson has been the subscriber to the telephone number since March 2014. Through a review of emails and cellular telephone records for telephone number (202) 834-7257, your affiant and other law enforcement officers have obtained records showing that telephone number (443) 956-0088 has been in communication with telephone number (202) 834-7257 since at least March 2012 to at least September 17, 2017, thus indicating that Faulkner is using the Target Cellular Device, and is still in regular contact with Johnson.

12.    For example, on August 24, 2017, the telephone phone number attributed to Johnson called Faulkner on the Target Cellular Device. Telephone records indicate that the call lasted for approximately 19 minutes and 37 seconds. On August 16, 2017, Faulkner used the Target Cellular Device to call the telephone number attributed to Johnson. Telephone records

4

BHW

indicate that the call lasted approximately 22 minutes and 30 seconds. The most recent telephone calls between Faulkner and Johnson occurred on September 6, 2017 and September 17, 2017.

13.     On September 20, 2012, Faulkner, using his Jafe1616@gmail.com email account, forwarded an email to Johnson's Sonoftonya@yahoo.com email account, concerning a tutor's decision not to work for FFA because of a promotion at their current job.  Your affiant believes that this email indicates how Faulkner used the Target Cellular Device to communicate with Johnson regarding, in part because the email reflects the "Sent from my iPhone" notation.  Your affiant also believes the fact that Faulkner was providing employee information to Johnson signifies their partnership.

14.     Documents obtained from AT&T reflect that, as of April 23, 2017, the Target Cellular Device was subscribed to by "Pre Paid," 1001 Fleet Street, Baltimore, MD 21202. Investigators identified an AT&T store at that address.  Your affiant believes that Faulkner is the primary user of the Target Cellular Device for, among others, the following reasons:

a.     On October 14, 2013, JAFE1616@gmail.com, an email account subscribed to and believed to be used by Faulkner, emailed Mark Payne, Vice President, The Wilkes Company, a signed portion of a lease for 2828 10th St., NE, Washington, DC 20017.  In this document, Faulkner listed the Target Cellular Device number as his home phone number.

b.     On September 29, 2016, JAFE1616@gmail.com drafted an email with no recipient attaching Faulkner's resume.  The resume identified Faulkner's number as the Target Cellular Device.

B Hu

c.  On December 12, 2011, Johnson sent an email to multiple individuals soliciting tutors and mentors for Faulkner in which he identified Faulkner's contact information as JAFE1616@gmail.com and the Target Cellular Device number.

d.  Documents obtained from Gmail indicate that the phone number linked to the JAFE1616@gmail.com account is the Target Cellular Device.  Faulkner is the subscriber to JAFE1616@gmail.com.

e.  Phone records and pen register data indicate that the Target Cellular Device and a number believed to be used by Johnson have been in frequent and recent communication.  Specifically, the Target Cellular Device has been in contact with phone number (202) 834-7257 ("Johnson's Phone"), a number subscribed to by Johnson, since at least March 2012 to at least September 17, 2017.  For example, on August 16, 2017, the Target Cellular Device and Johnson's Phone had a call that lasted approximately 22 minutes and 30 seconds.  On August 24, 2017, the Target Cellular Device and Johnson's Phone had a call that lasted approximately 19 minutes and 24 seconds.  The most recent contact between the Target Cellular Device and Johnson's Phone was on September 17, 2017.

## MANNER OF EXECUTION

15.  In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications.  When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

6

16.     To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

17.     The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

7

*BHeW*

**17 - 2 6 5 8 - ADC**

## AUTHORIZATION REQUEST

18.    Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.  The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

19.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

21.    A search warrant may not be legally necessary to compel the investigative technique described herein.  Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Michael I. Jones

8

Special Agent
District of Columbia Office of the Inspector
General

Subscribed and sworn to before me
On: 29 September 2017

A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

*BNew*

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (443) 956-0088 (the "Target Cellular Device"), whose wireless provider is AT&T and whose listed subscriber is "Pre Paid."

*BHW*

## ATTACHMENT B

Pursuant to an investigation of John Faulkner for violations of 18 U.S.C. §§ 371, 1028A, 1341, 1343, and 1957, and 22 D.C. Code §§ 3221(a) and 3222(a), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. Radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. Radio signals emitted by the Target Cellular Device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).